UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MELCHOR MALDONADO ARZATE,      }
TDCJ-CID NO. 1407017,          }
     Petitioner,              }
v.                             }      CIVIL ACTION NO. H-09-1507
                              }
NATHANIEL QUARTERMAN,          }
     Respondent.              }

## OPINION ON DISMISSAL

Petitioner Melchor Maldonado Arzate, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. The Court will dismiss petitioner's federal habeas petition as untimely pursuant to 28 U.S.C. § 2244(d).

### I.    PROCEDURAL HISTORY

On October 18, 2006, petitioner was convicted of aggravated sexual assault of a child in the 262nd Criminal District Court of Harris County, Texas, in cause number 1086251. Punishment was assessed at sixty years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner's conviction was affirmed in an unpublished opinion. *Arzate v. State*, No. 01-06-00974-CR (Tex. App.–Houston [1st Dist.] May 24, 2007). Although petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals,[1] his time to do so expired thirty days after the First Court of Appeals for the State of Texas affirmed his conviction.

---

[1] Petitioner claims, and public records from the Texas Court of Criminal Appeals show, that on November 15, 2007, after mandate issued, petitioner requested, and the Texas Court of Criminal Appeals denied, his request for an extension of time to file a petition for discretionary review. (Docket Entry No.6); Texas Court website at http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=256139.

**1**

TEX. R. APP. PROC. 68.2(a).  Thus, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the appellate court's judgment was entered, on or about June 25, 2007.  28 U.S.C.§2244(d)(1)(A).  Petitioner filed a state habeas corpus application with the trial court, which was dismissed on December 10, 2008 for non-compliance.  (Docket Entry No.1).  Petitioner filed his second state habeas application on February 23, 2009, which the Texas Court of Criminal Appeals denied without written order on March 25, 2009.  (*Id.*).

Petitioner executed his petition for a federal writ of habeas corpus with this Court on May 13, 2009.  (*Id.*).  Therefore, Petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  In that petition, petitioner complains that he was subjected to double jeopardy, denied due process of law, and denied the opportunity to review the State's evidence and the pre-sentence investigation report.

## II.     ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C.§2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after his conviction was affirmed by the intermediate court of appeals, on or about June 25, 2007. *See* 28 U.S.C. § 2244(d)(1)(A); SUP. CT. R. 13.1. That date triggered the one-year limitations period which expired on June 25, 2008.

Petitioner's federal habeas corpus petition, filed on May 13, 2009, is therefore untimely. Because petitioner's first state habeas application was not properly filed and subsequently dismissed for non-compliance with state rules, its pendency before the Texas Court of Criminal Appeals does not toll the limitations period. *See Wion v. Quarterman*, 567 F.3d 146,

148 (5th Cir. 2009), *petition for cert. filed*, (U.S. Jul. 21, 2009) (No.09-5556). Because petitioner's second state application for habeas corpus relief was not filed until February 23, 2009, after the expiration of the June 25, 2008 deadline, the tolling provisions found in § 2244(d)(2) do not apply. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Although petitioner filed a response to the Court's Order of June 9, 2009, he has not requested equitable tolling of the limitations period nor alleged that he was subject to state action that impeded him from filing his petition. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999). Accordingly, the Court finds that petitioner's federal habeas corpus petition is barred by the AEDPA's one-year limitation period.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated

differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

### IV.  CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for writ of habeas corpus is DENIED.

2. This cause of action is DISMISSED, with prejudice, as untimely pursuant to 28 U.S.C.§2244(d).

3. A certificate of appealability is DENIED.

4. All other pending motions are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 14th day of October, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE